JUDITH M. PARE vs. DAVID L. PARE.

Essex. December 5, 1990. - January 30, 1991.

Present: LIACOS, C.J., ABRAMS, O'CONNOR, & GREANEY, JJ.

*Divorce and Separation*, Division of property, Child support.

On appeal from a judgment dividing marital property between a husband
and wife under G. L. c. 208, § 34, this court vacated the judgment and
remanded the case for further proceedings, where it appeared that the
judge's findings and conclusions concerning the division of the parties'
interests in the marital home attached too much importance to the hus-
band's payment of the mortgage and other expenses after the wife left
the family home and not enough significance to the facts that, after the
parties' separation, the wife was virtually the exclusive caretaker of
their minor daughter, and that any appreciation in the value of the
home was attributable to rising real estate values generally, rather than
to any efforts by the husband [296-298], and where further orders were
required with respect to the issue of the wife's request that a portion of
the husband's proceeds from any sale of the house be set aside for the
daughter's past and future support and medical expenses [300-301].
This court concluded that, pursuant to G. L. c. 208, §§ 28 and 36, a pro-
bate judge presiding over a divorce proceeding has authority to enter
orders that are designed to secure a spouse's duty to provide support or
benefits to a minor child of the marriage, and that the decision to enter
such orders in a given case, as well as the specific form any orders
should take, are matters within the judge's broad discretion, to be exer-
cised upon consideration of all relevant circumstances. [298-300]

COMPLAINT for divorce filed in the Essex Division of the
Probate and Family Court Department on August 5, 1981.

A complaint for division of marital property, filed August
26, 1987, was heard by *Thaddeus Buczko*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Douglas M. Watson* for Judith M. Pare.

GREANEY, J. After the trial of a complaint for an equitable division of marital property brought by Judith Pare (wife) against David Pare (husband) pursuant to G. L. c. 208, § 34 (1989 Supp.),[1] a judge of the Probate and Family Court entered a judgment dividing the parties' interests in the marital home. The wife appealed from the judgment, and we transferred the case to this court on our own motion. We conclude that the judge erred in dividing the property as he did, and that he should address another issue raised by the wife. Accordingly, we reverse the judgment and remand the case for further proceedings.

We take the facts from the judge's findings and from the uncontradicted evidence and materials before him. The parties were married in 1969. They have one child, a daughter, born on June 9, 1976. In 1978, using joint savings and a loan, the parties purchased a single family home in Lynn for $22,900. This property became the marital home. Five months later, the wife and daughter moved out. Neither the wife nor the daughter has lived in the home since then. The judge found that "[the husband] was exclusively responsible

---

[1]General Laws c. 208, § 34 (Supp. 1989), provides, in pertinent part:

"Upon divorce or upon a complaint in an action brought at any time after a divorce, whether such a divorce has been adjudged in this commonwealth or another jurisdiction, the court of the commonwealth, provided there is personal jurisdiction over both parties, may make a judgment for either of the parties to pay alimony to the other. In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other. In determining the amount of alimony, if any, to be paid, or in fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, shall consider the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court may also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates and the contribution of each of the parties as a homemaker to the family unit."

for payment of all costs and expenses associated with said property from [the time that the wife and daughter left] to the time of the divorce in 1982, and to the present." These costs and expenses principally involved the mortgage, taxes, and insurance. The husband testified on direct examination, however, that his live-in girlfriend supports him and pays the mortgage.[2]

In addition to contributing to the down payment on the house, the wife contributed to the mortgage payments in the months that she lived there. The wife also was the principal homemaker and caretaker of the minor child. After the separation, so far as the record indicates, the wife has been virtually the exclusive caretaker of the daughter. The wife has received no assistance from the husband during this time. She has supported herself and the daughter at first by relying on public assistance, and later by maintaining two jobs.

On February 19, 1982, the wife was granted a divorce from the husband on the basis of cruel and abusive treatment. The judgment of divorce nisi provided, among other things, that the wife would have sole custody of the daughter; the husband was to pay $80 weekly for the support of the wife and daughter; and the husband was to pay the daughter's reasonable medical, dental, and hospital expenses. There was no assignment of the marital property at the time of the divorce.

Since the divorce, the husband consistently has failed to meet his support obligations, causing the wife to prosecute several contempt complaints to collect support. The husband also has failed to pay (or provide insurance coverage for) the daughter's medical and dental bills.[3] The wife has been forced to pay premiums of $364 monthly for medical insurance for the daughter. By February, 1987, when the trial on

[2]Except for a brief period as a sheet metal worker and occasional odd jobs, the husband has been unemployed since May, 1985, when he lost his job as a lathe operator at General Electric.

[3]The daughter has received treatment for a number of physical and emotional disorders. Apparently, she will require ongoing medical attention, and the bills for her medical services will be expensive.

the wife's complaint for property division was held, the husband was in arrears on his support obligations by at least $4,045. At the same time, the daughter's accrued, uninsured medical expenses were approximately $20,000.

The husband has neglected the marital home as well. The property was in good condition when the parties bought it. By the time of the wife's complaint, however, the house was, in the words of the husband, "[r]un-down and in bad need of repair." The husband testified the home had fallen into disrepair because he had been unemployed and unable to pay for upkeep and repairs.

On August 26, 1987, the wife filed a complaint for property division. The only property in dispute was the marital home, which the parties agreed had a value of $75,000 in 1989 when the trial was held. The wife sought an order determining the parties' respective rights in the marital property and requiring that the husband's interest be held as security for past and future child support (including medical and dental expenses) owed. Following a trial, the judge ordered that the property be sold, that the proceeds first be applied to pay off the mortgage ($17,000) and costs of sale, and that the balance be split 75% - 25% between the husband and wife respectively. The judge also ordered that, prior to any sale, the husband have sixty days in which to purchase the wife's interest. The judge rationalized his decision as follows: "The husband has been the sole occupant of the marital property since five months after the parties moved there in 1978. He was exclusively responsible for payment of all costs and expenses associated with said property from that time to the time of the divorce in 1982, and to the present. . . . [B]ased on the [§ 34] factors . . . the parties would be entitled to an equal division of the property, but for the husband's contributions to said property as described above. For his contribution . . . an additional 25% of the proceeds from the sale of the marital home to the husband is warranted." In his written decision, the judge did not mention the wife's request that the husband's interest be applied or

held as security for past and future obligations of support for the daughter and for her medical and dental expenses.[4]

The wife does not dispute the orders that the husband be given the opportunity to purchase her interest, and failing that, that the property be sold. The wife challenges the judge's division of property and his failure to address her request that her husband's interest be held as security. Specifically, she argues: (1) the division of property was plainly wrong because the judge attached too much importance to the husband's payment of the mortgage, taxes, insurance, and other bills after she left the house, and because he failed to weigh fairly the enumerated § 34 factors; and (2) the judge erred in failing to consider her request that the husband's interest be applied or set aside as security for past and future child support owed, as well as for past and future medical and dental bills of the minor daughter.

1. We consider first the issue of the fairness of the division. Under G. L. c. 208 § 34, a judge has broad discretion to divide marital property equitably. See *Drapek* v. *Drapek*, 399 Mass. 240, 243 (1987). Of course, that discretion is not unlimited. See *Handrahan* v. *Handrahan*, 28 Mass. App. Ct. 167, 168 (1989), and cases cited. We require that judges dividing marital property make express findings indicating that all relevant factors under § 34 have been considered. See *Rice* v. *Rice*, 372 Mass. 398, 402-403 (1977). We also require that the reasons for the judge's conclusions must be apparent in his decision. See *Bowring* v. *Reid*, 399 Mass. 265, 267 (1987). A judgment dividing property that is "plainly wrong and excessive" cannot stand. See *Redding* v. *Redding*, 398 Mass. 102, 107 (1986).

---

[4]The judge applied the § 34 factors as of the date of the divorce, but valued the divisible property as of the date of the order of division. This is the correct procedure where property division takes place in a separate proceeding after the divorce is final, and any post-divorce appreciation (or depreciation) in the value of the divisible property is not fairly attributable to one spouse alone. See *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 375-376 (1985). See also *Willis* v. *Willis*, 27 Mass. App. Ct. 1144, 1145 (1989). Compare *Savides* v. *Savides*, 400 Mass. 250, 251-252 (1987).

The judgment here was plainly wrong and excessive. By focusing on the narrow issue of which spouse paid more toward the house, the judge overlooked the principle that "[t]he concept of property assignment or equitable division under [§ 34] must be read to apply in a broad sense to the value of *all* contributions of the respective spouses towards the marital enterprise; it contemplates something *more* than determining which spouse's money purchased a particular asset (emphasis added)." *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 17 (1977). Although the wife was not contributing to the mortgage, tax or insurance payments for roughly three and one-half years before the divorce, she was, with considerable difficulty and without any help from the husband, supporting and caring for their daughter. This support provided by the wife included the payment of rent to maintain a home for the daughter, major medical expenses, and the normal costs of raising a child. The wife also provided the sole emotional care and nurturing for the daughter during a period that the record reflects to have been very difficult. The considerable expenses incurred by the wife to support the daughter, and the wife's provision of love and support, offset the husband's payment of the mortgage and other expenses on the marital home. The same conclusion applies to the efforts made by the wife during the period between the divorce and the disposition of the property division complaint.

In addition, because of his reliance on the fact that the husband made more mortgage payments than the wife, and paid taxes and insurance, it appears that the judge implicitly may have credited the husband with the roughly $52,000 of appreciation in value of the house. There is no sound basis for doing so. When the wife and daughter left in 1978, the house was in good condition. Since then, the house has become (in the husband's own words) "[r]un-down and in bad need of repair." Thus, appreciation in the value of the property is attributable to rising real estate values generally, rather than to any efforts by the husband. This is no reason to award the husband a larger share of the proceeds from the sale of the house. See *Willis* v. *Willis*, 27 Mass. App. Ct.

1144, 1144-1146 (1989). Contrast *Savides* v. *Savides*, 400 Mass. 250, 253 (1987).

The case comes down to this. After years as the primary housekeeper and caretaker for the daughter, and after contributing to the acquisition of the marital home, the wife left to avoid (as the divorce judgment indicates) cruel and abusive treatment. After the separation, the wife continued to care for the minor daughter, while the husband allowed the marital home — the sole asset of the marriage of any value — to become dilapidated. During the separation, the wife was virtually the exclusive caretaker of the daughter. She received no assistance from the husband during this time, and supported herself and the daughter, with considerable hardship. In view of these circumstances, the judge's division was inequitable.[5] See *Grubert* v. *Grubert*, 20 Mass. App. Ct. 811 (1985).

2. We turn to the issue of the wife's request for security for the minor child's past and future support and medical expenses. General Laws c. 208, § 28 (1988 ed.), provides in relevant part that "[u]pon a judgment for divorce, the court may make such judgment as it considers expedient relative to the care, custody and maintenance of the minor children of the parties . . . ." Building on § 28, G. L. c. 208, § 36, provides, in pertinent part: "When . . . support is adjudged for the . . . children, the court may require sufficient security for its payment according to the judgment." Other provisions of these statutes do not limit the force of these specific provisions. Thus, §§ 28 and 36 together confer on probate judges broad discretion to fashion judgments in divorce proceedings

---

[5]By St. 1989, c. 559 (effective Feb. 26, 1990), the Legislature amended § 34 by inserting the following sentence: "In fixing the nature and value of the property to be so assigned, the court shall also consider the present and future needs of the dependent children of the marriage." This amendment authorizes the court to consider the needs of the children in dividing the marital property. See 2A Kindregan and Inker, Family Law and Practice § 1022 (1990). Although this provision was not in effect at the time of this property division, for purposes of this appeal, we nevertheless acknowledge the relevant public policy that the amendment represents.

that will best protect the interests and welfare of the parties' minor children.[6]

Although we have not decided the precise question presented here, we have not ruled out the possibility that probate judges have the authority to enter orders of the type requested by the wife. See *Bush* v. *Bush*, 402 Mass. 406, 409-410 (1988) (assuming that § 28 authorizes probate judges to order that equity of marital home be placed in trust for benefit of minor children); *Levine* v. *Levine*, 394 Mass. 749, 751 n.1 (1985) (implying that § 28 might authorize the assignment of marital property to a minor child). Cf. *Gould* v. *Gould*, 359 Mass. 29, 32 (1971) ("[under § 36,] the court may require sufficient security for the payment of alimony," quoting *Dunnington* v. *Dunnington*, 324 Mass. 610, 612 [1949]); *Greenia* v. *Greenia*, 206 Mass. 449, 450 (1910) (noting that, under predecessor to G. L. c. 208, § 37, the court could appoint trustees to hold property for the use of the children). Moreover, a number of other jurisdictions (generally construing similar statutes) have held or assumed that probate judges have the authority to enter such orders in circumstances analogous to those here. See *Hinchey* v. *Hinchey*, 722 P.2d 949, 950-953 (Alaska 1983); *Farley* v. *Farley*, 227 Cal. App. 2d 1, 4-5, 7, cert. denied, 379 U.S. 945 (1964) (applying Utah law); *Rosenberg* v. *Rosenberg*, 201 So. 2d 615, 615-616 (Fla. App. 1967); *Jones* v. *State*, 85 Idaho 135, 137-139 (1962); *In re Marriage of Olsher*, 78 Ill. App. 3d 627, 637 (1979); *Ulrich* v. *Ulrich*, 400 N.W. 2d 213, 217-218 (Minn. Ct. App. 1987); *Guggenheimer* v. *Guggenheimer*, 99 N.H. 399, 401-403 (1955); *Mitchell* v. *Mitchell*, 283 S.C. 87, 92 (1984); *Bryant* v. *Bryant*, 68 Wash. 2d 97, 99-101 (1966); *Foregger* v. *Foregger*, 40 Wis. 2d 632,

---

[6]See also G. L. c. 208, § 12 (1988 ed.)("Upon an action for divorce by either spouse . . . the real and personal property of the other spouse may be attached to secure . . . support and maintenance . . . to such children as may be committed to [the plaintiff's] care and custody"). For cases construing this section, see, e.g., *Madden* v. *Madden*, 359 Mass. 356, cert. denied, 404 U.S. 854 (1971); *Hill* v. *Hill*, 196 Mass. 509 (1907), and cases cited.

648a-648b (1968). Cf. *Fitts* v. *Fitts,* 231 Ga. 528, 529 (1973), reversed in part, *Coleman* v. *Coleman,* 240 Ga. 417, 423 (1977) (ordering creation of trust pursuant to jury verdict). See generally Annot., Court's Establishment of Trust to Secure Alimony or Child Support in Divorce Proceedings, 3 A.L.R. 3d 1170 (1965).

We conclude that, pursuant to §§ 28 and 36 of G. L. c. 208, a probate judge presiding over a divorce proceeding has the authority to enter orders that are designed to secure a spouse's duty to provide support or benefits to a minor child of the marriage. Whether to enter such orders in a given case, as well as the specific form that any order or orders should take, are matters within the judge's broad discretion, to be exercised upon consideration of all relevant circumstances.

The judge in this case did not address the wife's request for an order of security for the husband's obligations of past and future child support and medical and dental expenses. The judge may have thought that he lacked authority to make such an order. The judge may also have concluded that the husband was not obligated to the daughter after losing his job,[7] or he may have decided, in the exercise of his discretion, not to take the action requested by the wife. Whatever the reason, reversal is necessary. If the judge assumed that he had discretion but simply refrained from exercising it, he should have responded to the wife's request by including in his recorded conclusions of law a statement describing that he was doing so and why. Cf. *Rice* v. *Rice,* 372 Mass. 398, 402-403 (1977).

---

[7]In his findings of fact, the judge noted that "[the judgment of divorce nisi required the husband] to pay the medical expenses for the daughter as long as he was employed." This is incorrect. In fact, while the judgment nisi does provide that the husband need provide no medical insurance for the *wife* after his coverage through his employer terminates, there was no such limitation as to the daughter. The husband's duty to support the daughter and to pay her reasonable medical, dental, and hospital expenses is continuous during her minority.

There was evidence at the hearing that the husband's arrears on past child support obligations, including medical and dental expenses, are substantial. On remand, after a new division of the marital property is made, the judge shall determine the exact extent of the husband's current arrearages, then enter an order that these shall be paid out of the husband's interest in the house. The judge then shall consider the wife's request that a portion of the husband's proceeds from the sale of the house be set aside as security for his future obligations.

3. The parties are in agreement that the marital property is to be sold if the division is not otherwise successfully concluded. As has been indicated, the wife does not object to an order that allows the husband to purchase her interest. We do not know the current value of the property. The judgment set its maximum value at $75,000 in 1989. In view of the passage of time, the need for a new division of the asset, and the need for further orders pertaining to the issue of child support, we conclude that the judgment should be vacated in its entirety. The case is remanded for further proceedings not inconsistent with this opinion and the entry of a new judgment on the wife's complaint.

*So ordered.*