Christine M. Wheeler *vs.* Robert A. Wheeler.

No. 95-P-502.

Middlesex. October 15, 1996. - December 2, 1996.

Present: Dreben, Gillerman, & Jacobs, JJ.

*Divorce and Separation,* Division of property, Alimony, Child support.

In a divorce proceeding, where the parties had lived together for the first twelve years of the marriage and lived separately for nine years thereafter, the judge, in making a division of the marital property, erred in failing to take into account the wife's contribution to the marital partnership by her caring for the parties' child during the separation and in allocating to the husband the value of his assets acquired during the separation: the matter was remanded for further consideration. [745-747]

Complaint for divorce filed in the Middlesex Division of the Probate and Family Court Department on June 21, 1991.

The case was heard by *James M. Sweeney,* J.

*Linda R. Taffet* for Christine M. Wheeler.

*Stephen A. Silen* for Robert A. Wheeler.

Dreben, J. Although a probate judge found that the husband's net assets were $199,818 and the wife's $7,110, he entered a judgment of divorce nisi, on August 10, 1992, awarding the wife $25,000 and no alimony. He explained his theory:

"The parties were married in 1971 and they separated in early February of 1983. At that time they divided the major marital asset, that is the family home. The husband and wife each received $27,000 from the net proceeds of the sale of this home.

"Subsequent to the separation the husband acquired the bulk of his assets. The wife made little if any contributions to the acquisition of these assets. For that reason

this is a case where there should be equitable distribution not equal."

The wife appeals, claiming, among other things, that the judge did not recognize as a contribution to the marital partnership the wife's caring for the minor child of the marriage and maintaining a home for the child after the parties' separation but before their divorce. As we agree with the wife's contention, we vacate the financial aspects of the judgment and remand the case for further proceedings.

The following facts were found by the trial judge. The Wheelers were married on August 22, 1971, and had one child, Amanda, born on August 21, 1975. At the time of the divorce the parties had been married for twenty-one years. They had lived together for twelve years, having separated on February 7, 1983. While they lived together, the "wife was responsible for all of the housekeeping including cooking, cleaning, shopping, laundry and child care." The wife also worked part-time at a nursery school during the marriage. The husband, a firefighter, was the principal financial provider throughout the marriage and the couple maintained their life style as a result of his income. On July 27, 1983, the parties sold their marital home in Waltham and divided the proceeds equally. At present the wife is an executive assistant for a company in Natick and also works part-time as a saleswoman; her weekly earnings from her two jobs are $787.50. The husband is a lieutenant for the Waltham Fire Department and earns $852.94 a week.[1]

After reviewing the factors listed in G. L. c. 208, § 34, and concluding that the wife has sufficient income to meet her reasonable needs, the judge listed the assets of each of the parties and put an asterisk next to those of the husband which were acquired after the parties' separation in February, 1983.[2] Other than differentiating between the husband's assets

[1]There was some vague evidence from the husband (and the wife claims) that the husband's weekly income was higher, but as the parties' financial statements were not provided in the record on appeal, we cannot say the figure found by the judge was clearly erroneous.

[2]The largest asset was the husband's equity in a house, which, according to the husband's testimony, had been purchased in November of 1983, for $71,000. The down payment of $31,000 consisted of his share of the proceeds from the sale of the marital home and savings he had achieved by living with his parents for a period after the separation. At the time of the divorce, the house was assessed at $119,000.

acquired before and after the separation, the judge made no findings as to the activities of the parties after February, 1983. In his conclusions of law, he stated:

> "The length of the marriage is the time from the date of marriage to the date of divorce, but the Court can consider the fact that one of the spouses did not make contributions to the marital partnership after the date of the separation of the parties. *Savides* v. *Savides,* 400 Mass. 250 (1987)."

The wife testified that for the first four months of the separation, the husband paid $600 a month child support; thereafter, he only paid $400 a month. She also testified that the child had special needs requiring a tutor for whom she had paid. Her income and the amounts she had received as child support had been insufficient to live on, and she had had to use up the $27,000 she had received from the proceeds of the marital home for living expenses for herself and the child. Unlike her husband, at the time of trial, she had no prospect of a pension.

The judge's failure to mention the wife's activities after separation was error. His reliance on *Savides* v. *Savides, supra* at 253, where the wife made no contribution to the marriage after separation, was misplaced. As pointed out in *deCastro* v. *deCastro,* 415 Mass. 787, 795 & n.5 (1993), the care and maintenance of a child by a spouse even while separated is a contribution to the marital partnership. If the wife's undisputed testimony is credited, she, like the wife in *Pare* v. *Pare,* 409 Mass. 292, 297 (1991), "was, with considerable difficulty and without [sufficient] help from the husband, supporting and caring for their daughter." Also, like the wife in *Pare,* she was providing most of the emotional care and nurturing for the daughter during a difficult adolescence.[3]

By ignoring this major contribution to the marital partnership, and by focusing on the narrow issue that the wife had "made little if any contributions to the acquisition of [the husband's subsequently acquired] assets," the judge entered a judgment that was "plainly wrong and excessive" and "cannot stand." *Pare, supra* at 296. *Charrier* v. *Charrier,* 416 Mass. 105, 111-112 (1993).

---

[3]The wife testified that the child had learning difficulties and needed counseling until she finished junior high school.

"Once a judge gives weight to the discretionary statutory factor of spousal contributions, he is obliged to consider homemaking," and particularly, child raising, "as well as financial efforts and to make apparent in his findings and rulings their effect, if any, upon his decision." *Zeh* v. *Zeh,* 35 Mass. App. Ct. 260, 266 (1993). This must be done both for the period the parties are living together and during any period of separation prior to a divorce.

Since the judge did not mention the wife's contribution to the marital partnership after separation, the matter must be remanded for further consideration. On remand, the judge may in his discretion reconsider the question of alimony as alimony and equitable division may be interrelated remedies. See *Grubert* v. *Grubert,* 20 Mass. App. Ct. 811, 818 (1985); *Andrews* v. *Andrews,* 27 Mass. App. Ct. 759, 761 (1989). A fair division of the assets may, however, make alimony unnecessary, and an order which separates the economic lives of the parties as much as possible after divorce may be preferable. See *Heins* v. *Ledis,* 422 Mass. 477, 484 (1996); Kindregan & Inker, Family Law and Practice § 40.13, at 32 (2d ed. 1996). In connection with the division, we see no reason why the parties should not equitably share in any appreciation or depreciation in the value of assets acquired during separation where, as here, the wife has substantially contributed to the partnership during that period. See *Willis* v. *Willis,* 27 Mass. App. Ct. 1144, 1145 (1989).

There appears to be an error in the amount awarded as child support in the judgment. The parties stipulated that the husband was to pay child support of $190 per week, but the judge only ordered $180 per week. On remand, unless the judge articulates a valid reason for not following the stipulation, an adjustment should be made in favor of the wife for the difference between the amount paid and the amount which should have been paid according to the stipulation while the child support order was in effect.[4] The remaining claim of the husband, namely, that the wife's appeal is not properly before us, is without merit.

---

[4]The daughter is now emancipated, and the wife is no longer receiving any child support. The reason for the adjustment referred to in the text is for computation of arrearages.

The financial aspects of the judgment are vacated and the matter is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*