NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-1032                                          Appeals Court

KAYOKO OBARA  vs.  JAVAD GHOREISHI.

No. 22-P-1032.

Norfolk.    September 18, 2023. – November 16, 2023.

Present:  Milkey, Blake, & Sacks, JJ.


Divorce and Separation, Amendment of judgment, Division of
     property, Modification of judgment.


     Complaint for divorce filed in the Norfolk Division of the
Probate and Family Court Department on March 23, 2011.

     Following review by this court, 89 Mass. App. Ct. 1110
(2016), the case was heard by Paul M. Cronan, J.


     James A. Reidy for the wife.
     Javad Ghoreishi, pro se.


     BLAKE, J.  The wife, Kayoko Obara, and the husband, Javad

Ghoreishi, both dentists, were divorced in 2013, after

approximately twenty years of marriage.  As relevant here, the

judge who presided over the 2013 trial (trial judge) divided

five pieces of real property between the parties, assigning two

to the wife, two to the husband, and one to the parties jointly.

The husband appealed, principally claiming that the trial judge erred in awarding the parties' joint dental practice, including the office condominium units (office space), to the wife. The office space had been renovated to accommodate the husband as he uses a wheelchair due to multiple sclerosis. In an unpublished memorandum and order issued pursuant to our former Rule 1:28, a panel of this court vacated, in pertinent part, so much of the 2013 judgment that ordered the division of the real property, and remanded the case for further proceedings. See Obara v. Ghoreisha,[1] 89 Mass. App. Ct. 1110 (2016). Following a trial after remand in 2020, a different judge (remand judge) issued a judgment that redistributed the real property between the parties, assigning two properties to the wife and two properties to the husband (including the office space), while effectively allowing the husband to retain one hundred percent of the proceeds from a fifth property sold in 2018 (2020 judgment). In redistributing the marital estate, the remand judge used the 2013 property values despite evidence that the values had

---

[1] There is no doubt that the husband's surname is "Ghoreishi," but the panel in the first case used an alternate spelling, noting that "we have docketed the appeal under the title given to the action in the Probate and Family Court." See Obara, 89 Mass. App. Ct. at 1110. Based on the materials before us in this appeal, it appears that the spelling has been corrected in the probate court.

increased significantly since 2013.  See Johnson v. Johnson, 53 Mass. App. Ct. 416, 421-422 (2001) (requiring remand judge to consider postdivorce appreciation of property and extent to which appreciation attributable to one party or some other cause).

On appeal, the wife principally contends that the remand judge erred in using 2013 values for the real property, resulting in a disproportionate division favoring the husband inconsistent with the judge's stated intention to make an "approximately equal division of the marital estate."  We conclude that the remand judge failed to adequately explain his rationale for rejecting uncontroverted evidence of the postdivorce property values, and we therefore vacate that portion of the 2020 judgment pertaining to the division of real property.  We remand for further proceedings to allow the remand judge to (1) explain his rationale, and amend his findings, where appropriate, regarding property values; (2) make supplemental findings pursuant to Johnson, 53 Mass. App. Ct. at 421-422, where necessary; and (3) reallocate the real property distribution, if necessary, to achieve an equal division consistent with the judge's findings as amended and supplemented on remand.

Background.  Because the issue on appeal involves five pieces of real property and their values, we set them out in

some detail.  The parties presented stipulated values for all five properties at the 2013 trial.  The trial judge divided the five properties (all of which are in Brookline) so that the wife received 52.66 percent and the husband received 47.34 percent of the total 2013 stipulated value of these assets.  The trial judge found this disparate division to be equitable.  The wife was awarded her residence (wife's residence), with an equity value of $357,923, and the office space, with a value of $660,000.  The husband was awarded the former marital residence (husband's residence), with a value of $525,000, and a condominium unit (Unit 406), with a value of $390,000.  The parties also owned a condominium unit, an income-producing property (rental property), that the trial judge ordered them to retain to be used to fund their daughter's college education.  The 2013 judgment provided that after a date certain, the rental property would be sold with the net proceeds shared equally between the parties.

In January 2020, the remand judge conducted a two-day trial (remand trial).  The parties submitted evidence in the form of sworn financial statements pursuant to Supplemental Probate and Family Court Rule 401 (2012) and testimony that reflected that all five properties had increased in value since the 2013 divorce.  The evidence of increased values for three of the five

properties was uncontroverted.[2]  For the office space, the parties agreed that the value had increased, although the husband believed the increase was more significant than did the wife.[3]  Finally, with respect to Unit 406, the husband testified that it sold in 2018 for $719,000.[4]

Soon after the trial concluded, the remand judge issued the 2020 judgment and findings of fact and rationale that were dated August 12, 2020, but not docketed until April 15, 2021.  The 2020 judgment allowed the parties to retain their respective residences, assigned to the husband the office space and Unit 406 (the latter having been sold two years earlier), and assigned to the wife the rental property.  Unlike the trial judge, the remand judge found that an equal division of the real property was appropriate and ordered the husband to make a cash payment to the wife in order to effectuate that division.[5]

---

[2] The equity value of the wife's residence was $626,190, the value of the husband's residence was $900,000, and the value of the rental property was $539,000.

[3] The husband reported the value on his financial statement as $1,035,400, and the wife reported the value as $985,600.

[4] The husband apparently retained the proceeds, although they were not reported on his financial statement filed during the remand proceedings.  The remand judge declined to credit the husband's testimony that he did not know what happened to the proceeds.

[5] The remand judge did not award attorney's fees to either party.  That portion of the judgment is not at issue in this appeal.

However, instead of using the 2020 property values, the remand judge used the 2013 property values, concluding in a footnote that there was a "lack of credible evidence . . . regarding the properties' current values."  Accordingly, while the wife was awarded fifty percent of the total 2013 property values, she received only approximately forty-three percent of what the evidence at the remand trial suggested were the total 2020 property values (or approximately $527,333 less than the husband).

Discussion.  Valuing the marital estate as of the date of division of the assets is appropriate in cases where the parties' contributions to the marital enterprise continue up until the date of division.  See, e.g., Wheeler v. Wheeler, 41 Mass. App. Ct. 743, 745 (1996) (continuing to care for minor child during separation was wife's "contribution[] to the marital partnership" entitling her to share in assets acquired by husband during separation but prior to division).  Where, however, the parties' contributions to the marital partnership ended before the date of division, the judge may use an earlier valuation date.  See Savides v. Savides, 400 Mass. 250, 252-253 (1987) (assets valued as of date of separation, several years before divorce; wife not entitled to share in postseparation appreciation of assets where she made no contribution to marital

partnership after separation and appreciation was due solely to husband's efforts).

The same principles apply when the marital estate is divided in a postdivorce proceeding. If the postdivorce appreciation is attributable to one party's sole efforts, the appreciation is not divided between the parties (effectively valuing the property as of the date of the divorce); if, however, the postdivorce appreciation is not attributable to the postdivorce efforts of one spouse alone, the appreciation is divided between the parties (effectively valuing the property as of the date of division). See Johnson, 53 Mass. App. Ct. at 421. "Where property division takes place . . . after the divorce, the property is valued at the time of the [postdivorce] proceeding, but [G. L. c. 208,] § 34[,] factors are assessed as of the time of divorce." Heins v. Ledis, 422 Mass. 477, 483 n.3 (1996). If a property's value has increased between the time of the divorce and the division, and the property's "postdivorce appreciation is not fairly attributable to one spouse alone, [the] correct procedure is to value the divisible property as of the date of the order of division and apportion [the] postdivorce appreciation in the value of the property between the parties." Child v. Child, 58 Mass. App. Ct. 76, 79-80 (2003), citing Pare v. Pare, 409 Mass. 292, 296 n.4 (1991). Accord Heins, supra at 483, citing Pare, supra at 297 (any

postdivorce "increased value of real estate resulting from market conditions should be divided between both parties"); Davidson v. Davidson, 19 Mass. App. Ct. 364, 376 (1985) ("Where the division of property under § 34 takes place . . . after the divorce, the property subject to division is to be valued as of the date of the order for division. . . .  Thus, the parties equitably share in any appreciation or depreciation in the value of the property").

Similarly, where, as here, the property division was vacated and remanded for a new trial, "[t]his resulted in the case standing as if no judgment had been entered with respect to the [property] division."  Johnson, 53 Mass. App. Ct. at 420. Accordingly, the remand judge "was charged with dividing the property anew, applying the [G. L. c. 208,] § 34[,] factors as of the date of divorce."  Johnson, supra at 421.  The remand judge "then was required to consider whether there had been any appreciation or depreciation with respect to the property, and if so, the extent to which such appreciation was attributable to one or the other of the parties or to some independent cause." Id. at 421-422.  "[I]f the postdivorce increase . . . is attributable only to the postdivorce efforts of one spouse," the remand judge should treat the "postdivorce increase . . . in the value of the property . . . as an after-acquired asset, not subject to division."  Id. at 421.  However, "[w]here

postdivorce appreciation . . . is not attributable to the postdivorce efforts of one spouse alone after the divorce," the appreciation should be treated as part of the marital estate and divided accordingly.  Id.

Despite the largely uncontroverted evidence presented by the parties of significant postdivorce appreciation for all five properties, the remand judge ultimately valued the properties as of the 2013 divorce.  He found, without explanation, that there was no credible evidence of any postdivorce appreciation despite the agreement of the parties to the value of at least three properties, and thus failed to perform the second step of the Johnson analysis, i.e., determining the extent to which the postdivorce appreciation was attributable to one party's efforts, to both parties' efforts, or to some independent cause. See Johnson, 53 Mass. App. Ct. at 421-422.

The remand judge was "plainly wrong" in finding no credible evidence of postdivorce appreciation for the sale of Unit 406 for $719,000, given that he apparently credited the husband's testimony that the property had been sold for that amount, yet he offered no explanation as to why he rejected it as credible, direct evidence of a bona fide sale establishing the property's most recent fair market value (citation omitted).  Zaleski v. Zaleski, 469 Mass. 230, 237 (2014).  See Tigar v. Mystic River Bridge Auth., 329 Mass. 514, 517 (1952) ("Fair market value

'means the highest price which a hypothetical willing buyer would pay to a hypothetical willing seller in an assumed free and open market'" [citation omitted]).  We see no basis in the record for the judge's decision to reject this uncontroverted, direct evidence of the property's postdivorce value.  Accordingly, the judge's valuation of Unit 406 as of 2013, rather than as of the 2018 sale, was clearly erroneous.  See Martin v. Martin, 70 Mass. App. Ct. 547, 549 (2007) (finding is "clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed" [quotation and citation omitted]).

The 2018 sale price of Unit 406 reflects a postdivorce appreciation of $329,000, one hundred percent of which the husband retained as a result of the 2020 judgment.  The remand judge, however, made no findings indicating that this appreciation was attributable solely to the husband's efforts, nor is there any uncontroverted evidence in the record compelling such a conclusion.  In the absence of such findings, it was error to allow the husband to retain the entirety of the postdivorce appreciation of Unit 406.  See Johnson, 53 Mass. App. Ct. at 421.  Accordingly, on remand, the judge must make findings as required by Johnson, supra, addressing whether the postdivorce appreciation of Unit 406 in the amount of $329,000

was attributable to one party's sole efforts, to both parties' efforts, or to some other cause (such as passive appreciation attributable to market conditions), and divide such appreciation accordingly.

As to the other four properties, both parties submitted evidence of 2020 property values, reflecting a total increase of more than $1.5 million since 2013.[6]  This was competent evidence on which the remand judge could rely.  See Williams v. Massa, 431 Mass. 619, 629-630 (2000).  Where it was undisputed that all four properties had appreciated considerably since 2013, and the remand judge's reasons for rejecting this undisputed evidence are not readily apparent, he should have explained his rationale for declining to credit the 2020 values submitted by the parties.  Cf. Fehrm-Cappuccino v. Cappuccino, 90 Mass. App. Ct. 525, 532 (2016) (remanding to allow judge to "explain his rationale, or make an alternate disposition," where basis for judge's decision was unclear).  Accordingly, on remand, the judge should explain his rationale for rejecting the uncontroverted evidence of 2020 property values.  The remand

---

[6] The value of the wife's residence increased by $268,267 (from $357,923 to $626,190); the value of the husband's residence increased by $375,000 (from $525,000 to $900,000); the value of the office space increased by approximately $325,600 (from $660,000 to at least $985,600); the value of the rental property increased by $234,000 (from $305,000 to $539,000); and the value of Unit 406 increased by $329,000 (from $390,000 to $719,000).

judge may, in the alternative, amend his findings to use 2020 property values where warranted by the evidence.  To the extent that his findings on remand reflect postdivorce appreciation for any or all of the four properties, the remand judge should (a) make findings addressing whether such postdivorce appreciation is attributable to one party's efforts, both parties' efforts, or to some other cause (such as passive appreciation); and (b) divide such postdivorce appreciation accordingly.  See Johnson, 53 Mass. App. Ct. at 421-422.

Insofar as the remand judge also cited "the length of time that has passed between the divorce trial and the remand trial" as a consideration for valuing the properties as of 2013 (the date of divorce) instead of 2020 (the date of division), the passage of time alone is an insufficient basis for selecting an earlier valuation date.  The date for valuing marital assets is typically the date of division -- regardless of whether the division occurs at the time of the divorce, or in a postdivorce proceeding.  See Child, 58 Mass. App. Ct. at 79.  While a judge has discretion to choose a valuation date that precedes the date of division in certain circumstances, see, e.g., Savides, 400 Mass. at 252-253; Daugherty v. Daugherty, 50 Mass. App. Ct. 738, 741-742 (2001), the valuation date is generally tied to the date on which the parties ceased their joint efforts in contributing to the marital enterprise.  See Child, supra at 79-80, and cases

cited.  In other words, the valuation date must bear some relationship to the end of the marital partnership.  See id.

Here, because the remand judge rejected all evidence of postdivorce appreciation without explanation, he did not make findings addressing whether any postdivorce appreciation of the properties was passive or due to the efforts of one or both parties.  This inquiry not only involves consideration of a party's postdivorce "contributions to the upkeep and improvement of the property,"[7] but also consideration of other relevant contributions, such as a party's care and support of a dependent child,[8] in determining whether postdivorce appreciation is attributable to one or both parties.  Johnson, 53 Mass. App. Ct. at 422-423.  See Pare, 409 Mass. at 297, quoting Putnam v. Putnam, 5 Mass. App. Ct. 10, 17 (1977) ("By focusing on the narrow issue of which spouse paid more toward the house, the judge overlooked the principle that '[t]he concept of property

---

[7] As an example, the remand judge could have -- but did not -- consider what the parties paid in taxes, condominium fees, and upkeep of the properties following the 2013 judgment.  The evidence reflects that between 2013 and 2020, the wife was responsible for managing three of the four properties divided in the remand judgment.  In October 2013, the wife took over management of the rental property.  The wife also appeared to be responsible for maintaining the office space, as it was originally assigned to her in the 2013 judgment, along with her residence.

[8] Here, the wife was granted primary physical custody of the parties' child, who was seventeen at the time of the 2013 judgment.

assignment . . . must be read to apply in a broad sense to the value of all contributions of the respective spouses towards the marital enterprise'").  In the absence of evidence about the parties' contributions to the postdivorce appreciation of the marital estate property, "the correct procedure is to value the divisible property as of the date of the order of division," -- here, 2020 -- "and apportion postdivorce appreciation in the value of the property between the parties."  Child, 58 Mass. App. Ct. at 79-80.  Similarly, if the appreciation in the value of the real property was due solely to market forces, that increase is divisible between the parties.  See Pare, supra at 297-298; Johnson, supra at 421.

By valuing the marital estate as of the 2013 judgment, rather than the 2020 division, the 2020 judgment has the unintended consequence of disparately dividing the assets, despite the remand judge's stated goal of dividing the property equally.  Because the remand judge's conclusions are not apparent and do not flow rationally from his findings, we are constrained to remand the case for further proceedings consistent with this opinion.[9]  See Bowring v. Reid, 399 Mass. 265, 267-268 (1987).

---

[9] The judge need not take additional evidence, but may do so in his discretion.

Conclusion.[10]  So much of the 2020 judgment as divides the real property and requires the husband to make a cash payment to the wife is vacated, and the case is remanded for further proceedings consistent with this opinion.  In all other respects, the 2020 judgment is affirmed.

So ordered.

---

[10] We briefly address the wife's claim that the remand judge, in awarding the office space to the husband, erred by failing to consider its effect on the wife's employment and ability to earn future income.  She contends that she lost her sole source of income when the husband was awarded the office space.  This claim was not raised in the Probate and Family Court, and therefore it is waived.  See Trapp v. Roden, 473 Mass. 210, 220 n.12 (2015).  We do note, however, that consistent with the parties' financial statements and trial testimony, the remand judge made findings, pursuant to G. L. c. 208, § 34, as to the parties' needs, other assets, income, expenses, and liabilities, as well as their abilities to acquire future assets and income, none of which are clearly erroneous. See Martin, 70 Mass. App. Ct. at 549.