NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-116

STANISLAV PALTIS

vs.

REGINA PALTIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Stanislav Paltis (husband), the former spouse of Regina Paltis (wife), appeals from a divorce judgment challenging certain aspects of the judge's property division.  We affirm.

Background.  The parties were married in April 2010, and had one child together during the marriage.  The husband was the primary wage earner and was responsible for managing the family's finances, while the wife was primarily responsible for raising the parties' child and caring for the home.

During the first year of the marriage, the parties resided together in the husband's property located in Allston which he acquired and fully paid for in 1998 prior to their marriage. The wife, who has "extensive employment experience in interior remodeling and design," made improvements to the Allston property by designing an extra bedroom and storage space.

In March 2011, the parties purchased the marital home located in Sharon for $470,000.  The down payment on the marital home was partially funded with the proceeds from the sale of the husband's interest in his family's business.  The parties also used approximately $30,000 to $40,000 in cash that they had received as wedding gifts to fund the marital home down payment.  Some of the parties' household expenses were paid by the wife's rental income from a property that she owned in New Jersey.  After the wife sold the New Jersey property in 2015, she used a portion of the proceeds to fund construction projects for the marital home.  The wife also used cash gifts from her mother to fund house projects, including a $20,000 gift in October 2019 to fund a window and siding project.

In June 2020, the husband filed a complaint for divorce.  A two-day trial was held in July 2021.  At the time of trial, the husband was residing in the marital home and the wife was residing in an apartment with the child (the wife received primary physical custody).  The husband was earning an annual income of $211,796; the wife was unemployed, but the judge attributed an annual income to her of $70,000.[1]  The husband was ordered to pay $550 per week in child support; no alimony was

---

[1] The judge found that the wife was capable of earning more with reasonable effort, having had recently turned down a job offer with an interior design firm for $70,000 per year.

2

awarded.  With respect to the property division, the judge assigned both the marital home and the Allston property to the husband and ordered him to pay the wife (1) $287,406, representing one-half of the marital home equity; and (2) $111,000, representing one-half of the appreciation in value of the Allston property during the marriage.[2]  The husband appealed that decision to this court.

Discussion.  In an appeal challenging the division of marital property, "[w]e review the judge's findings to determine whether she considered all the relevant factors under G. L. c. 208, § 34, and whether she relied on any irrelevant factors." Zaleski v. Zaleski, 469 Mass. 230, 245 (2014).  "We will not reverse a judgment with respect to property division unless it is 'plainly wrong and excessive.'"  Id., quoting Baccanti v. Morton, 434 Mass. 787, 793 (2001).

The husband contends that the judge erred in failing to grant him a credit for his contribution to the marital home down payment and in awarding the wife one-half of the appreciated value of the Allston property, because both originated from his

---

[2] The Allston property was worth $320,000 when the parties were married; the value had increased to $542,000 by the time of the divorce trial.  At the time of trial, the marital home had a fair market value of $815,000 and a mortgage balance of $240,188, leaving equity of $574,812.

premarital assets that should have been excluded from the property division. We disagree.

It is well settled that a judge has broad discretion to assign property in a divorce, including premarital property. See Rice v. Rice, 372 Mass. 398, 400 (1977) (judge may assign property owned by either spouse "whenever and however acquired"). The judge was not required to give the husband a dollar-for-dollar credit for his contribution of premarital assets to the home's down payment, especially where the wife did not receive a credit for her own contribution of premarital assets (i.e., the proceeds from the sale of her New Jersey property used to fund construction projects for the marital home) and funds gifted by her mother. See Baccanti, 434 Mass. at 789-792 (affirming equal division of marital estate where judge's findings reflected consideration of husband's contributions from premarital assets).

With respect to the Allston property, the judge excluded its premarital value from the marital estate entirely, only assigning the wife one-half of the property's appreciated value during the marriage. The husband claims that it was error to award the wife any portion of the appreciated value because she made "minimal contributions" to the Allston property during the marriage. The judge found, however, that the wife contributed to the Allston property both through her overall contributions

4

to the marital partnership and through her interior design work on the house. The judge therefore was well within her discretion to assign the wife a portion of the appreciated value of the Allston property. See Moriarty v. Stone, 41 Mass. App. Ct. 151, 156-157 (1996) (judges permitted to include in marital estate for purposes of equitable division both premarital assets and assets accruing during marriage).

The husband also argues that the property division was inequitable because the judge failed to appropriately consider his greater financial contributions to the marital estate. The judge found that the parties made relatively equal contributions during the marriage.[3] See Moriarty, 41 Mass. App. Ct. at 157 ("The parties' respective contributions to the marital partnership remain the touchstone of an equitable division of the marital estate"). A judge may "consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates and the contribution of each of the parties as a homemaker to the family unit." G. L. c. 208, § 34. "Section 34 'must be read to apply in a broad sense to the value of all contributions of the

---

[3] The judge found that both parties "applied their income and earnings to the marital assets" and made "valuable and relatively equal contributions to the marital estate through earnings, child-care responsibilities, homemaking, and car[ing] for their real estate."

5

respective spouses towards the marital enterprise.'" Adams v. Adams, 459 Mass. 361, 391 (2011), quoting Putnam v. Putnam, 5 Mass. App. Ct. 10, 17 (1977). "[T]he care and maintenance of a child by a spouse . . . is a contribution to the marital partnership" entitling that spouse to share in assets acquired by the other spouse. Wheeler v. Wheeler, 41 Mass. App. Ct. 743, 745 (1996).

The husband's tabulation of each party's contribution to the marital enterprise fails to acknowledge the wife's financial contributions to the marital home and household expenses, her contributions in improving both the Allston property and the marital home through her interior design work, and her nonfinancial contributions to the overall marital partnership as homemaker and primary caretaker of the parties' child.

The judge's findings also reflect consideration of other relevant factors under section 34, including the husband's conduct in unilaterally withdrawing marital funds during the pendency of the divorce proceedings,[4] the husband's potential future inheritance (the wife's likelihood of inheritance was unclear), and the husband's superior earning capacity compared

---

[4] The judge found that during the divorce proceedings the husband withdrew $44,000 from marital accounts, which he then gifted to his parents. The judge found that the husband also made several other large withdrawals; she did not credit the husband's claim that he could not recall what the withdrawn funds were used for.

to that of the wife.  See G. L. c. 208, § 34 (requiring judge to consider each party's conduct during marriage, amount and sources of income, and opportunity for future acquisition of capital assets and income); Kittredge v. Kittredge, 441 Mass. 28, 38 (2004) (judge may consider spouse's dissipation of marital assets as part of conduct and contribution factors under section 34).

The husband disputes the weight afforded by the judge to each of the section 34 factors, but this is a matter squarely within the judge's discretion.  See Ross v. Ross, 385 Mass. 30, 37 (1982).  The judge here considered all the relevant factors under section 34 and there is no indication that she considered any irrelevant factors.  Because the property division here is not "plainly wrong and excessive," we will not disturb it. Zaleski, 469 Mass. at 245, quoting Baccanti, 434 Mass. at 793.[5]

Judgment affirmed.

By the Court (Wolohojian, Milkey & D'Angelo, JJ.[6]),

Clerk

Entered:  January 24, 2024.

---

[5] The wife's request for appellate costs and fees is denied.
[6] The panelists are listed in order of seniority.