NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1102

MICHAEL RICHARD CROWLEY

vs.

TRACY MARIE CROWLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case involves the property division of the parties' marital home, which was decided in a judgment of divorce nisi dated March 15, 2023.[1] The wife subsequently filed a motion for clarification and to amend the judgment, which was denied, and this appeal followed.

Although the parties moved in together in 2006, and have children born in 2007 and 2010, theirs was a very short-term marriage. The parties were married on March 23, 2017, and the

_____

[1] The judgment nisi, not entered on the docket until March 27, 2023 (the important date in terms of the timeliness of the appeal, Mass. R. A. P. 4 [a] [1], as appearing in 481 Mass. 1606 [2019]), recites that it was decided "as of March 3, 2023," the date of the trial.

husband filed for divorce on September 23, 2019.  The wife actually filed for divorce before that, prior to retaining an attorney.  The parties subsequently agreed to dismiss the wife's complaint for divorce, and the case on the husband's complaint for divorce is the one in which judgment entered, and that we now have before us.

The parties entered a stipulation for partial judgment, which, at least initially, left open only a single question for trial:  whether the marital home should be included as divisible marital property, and, if so, how its value should be divided.  At some point, it appears the parties also agreed to submit for trial the question of what percentage of the uninsured medical, dental, and extracurricular expenses of the children should be borne by each party.  Up until the trial, the husband had been paying seventy percent of those expenses.

Discussion.  1.  Division of the Marital Home.  The parties' marital home had been purchased by the husband before the marriage.  The husband claimed that he had made all the payments on the house during the marriage.  In his proposed findings of fact and conclusions of law with respect to the division of the home, the husband's primary argument was that the house should not be considered part of the marital estate.  In the alternative, he argued for a division based on dividing the number of months of marriage -- thirty -- by the number of

2

months of ownership of the asset -- 140 -- multiplied by the total asset equity increase from the date of purchase to the date of trial -- $327,300 -- for a total of $35,067.85.  He proposed deducting from that an alleged predistribution payment to the wife of $11,875.

The wife, by contrast, argued that she should get fifty percent of the growth in equity during the marriage, which she argued was $203,000, for a total of $101,500.

The purpose of an equitable division of marital property is "to recognize and equitably recompense the parties' respective contributions to the marital partnership," Hassey v. Hassey, 85 Mass. App. Ct. 518, 530 (2014) (quotation omitted), and in making such a division a judge must "consider[] all the relevant factors under G. L. c. 208, § 34," and not rely "on any irrelevant factors."  Zaleski v. Zaleski, 469 Mass. 230, 245 (2014).  In the order dividing the marital assets, "the reasons for the judge's conclusions must be apparent in his decision." Pare v. Pare, 409 Mass. 292, 296 (1991).

In her decision the judge found

"that approximately 40% of the equity in the former marital home is marital for the duration of the parties' marriage. The parties have lived together since 2006 and they have two children together . . . .  The Husband is requesting that the court exclude all the equity in the residence that he owned prior to the marriage and claims to have made all payments for the house.  This position does not account for the Wife's homemaker contributions."

3

In this appeal, the wife argues that there is no explanation for the forty percent that the judge determined would be included in the marital estate. She argues that the phrase "40% of the equity in the former marital home is marital for the duration of the parties' marriage" is ambiguous, and that one cannot determine where the calculation of the amount of the equity owned by the wife, which the judge determined to be $44,660, comes from. We, too, find the meaning of this phrase and the derivation of the total amount of equity awarded to the wife unclear.

The phrase "martial for the duration of the parties' marriage" may mean that the judge is referring only to the equity growth during the time of the marriage, $203,000. That is, after all, the equity that the wife wanted included in the marital estate. However, the judge's next sentence is, "[t]he parties have lived together since 2006 and they have two children together." This suggests, perhaps, that the judge was including in her calculation some of the premarital contributions to the parties' partnership in her calculation of what equity should be included in the marital estate.

In his proposed findings and conclusions, the husband argued that he "made all the payments for the house, made all of the capital improvements to the house, . . . [and] was solely responsible for securing and paying the loans made to acquire

4

and improve the real estate."  The judge's decision as quoted above goes on, "[t]he Husband is requesting that the court exclude all the equity in the residence that he owned prior to the marriage and claims to have made all payments for the house. This position does not account for the wife's homemaker contributions."  This, too, seems to suggest that the judge intended to include some of the equity in the house acquired prior to the marriage.

Conversely, the judge further found that "[t]his is a short marriage[,] so the Court finds that not all of the equity in the former marital residence is subject to division."  The judge also made findings about improvements made by the husband to the former marital home, stating that, "[h]e built a shed, added a deck, beams, crawl space, insulation and improved lighting, crown molding, closet space, renovated children's rooms and painted."  This makes it impossible to determine exactly what equity in the house the judge concluded was "approximately 40%" marital property.

Attempting to work backwards from the judge's calculation of the amount due the wife, $44,660, also does not lead to a clear answer because $44,660 is half of $89,320, which is itself forty percent of $223,300.  Of course, the increase in equity was, the wife asserted, $203,000, not $223,300.  The total equity increase from the date of purchase to the date of trial

was pegged by the husband at $327,300, and while neither party discussed what was owed on the mortgage, the total equity in the house, including not just growth of equity through an increase in value of the house, but the equity that the husband had in the house at the time of purchase, less the $15,000 withdrawn equity for kitchen remodeling, plus the amount by which the mortgage had been paid down, may have been another number somewhere above $323,000.

Although a division of marital property should be upheld "unless it is plainly wrong and excessive," Zaleski, 469 Mass. at 245 (quotation omitted), in this case, we cannot confidently discern the judge's reasoning or rationale, and we cannot properly decide the question based on our own speculation about it. Consequently, so much of the judgment nisi as established wife's equity in the former marital home at $44,660 is vacated, and the case is remanded for a more detailed explanation of the judge's conclusion (and perhaps, if necessary, a recalculation).

2. Division of Expenses. The second issue before us is the judge's conclusion that uninsured medical and other extracurricular expenses should be divided between the parties, with the husband paying sixty percent and the wife forty. Prior to the judgment, the husband had been paying seventy percent of these expenses and he asked that they be adjusted so that the

parties shared those expenses equally. The wife asked that they be kept at the existing seventy-thirty percent ratio.

The judge concluded that the costs would be divided sixty percent (husband) and forty percent (wife). In reaching this conclusion, the wife argues, the judge erroneously found that the husband's salary is sixty percent more than that of the wife, with wife suggesting that husband's income is approximately seventy percent more.

But how much more one party's salary is than the other's is not relevant to the determination of what is an equitable sharing of expenses. On the other hand, the ratio of the two salaries to the total income earned by the parties could be. In this case, after counting child support payments from the husband to the wife, the husband has sixty-three percent of the total income of the two parties. The wife has thirty-seven percent. In light of this, we see no abuse of discretion in the judge's conclusion that a sixty-forty split was equitable. We therefore leave that portion of the judgment determining the proper division of uninsured medical and extracurricular expenses undisturbed.

Conclusion. The order denying the wife's motion for clarification and/or to amend judgment is vacated. So much of the judgment nisi as established wife's equity in the former marital home at $44,660 is vacated, and the case is remanded for

7

a more detailed explanation and, if necessary, recalculation of that amount.  In all other respects the judgment nisi is affirmed.

So ordered.

By the Court (Rubin, Hand & Brennan, JJ.[2]),

*Paul Little*

Clerk

Entered:  May 20, 2025.

---

[2] The panelists are listed in order of seniority.