NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-513

FRANKLIN CARABALLO

vs.

ANNY HOLGUIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Franklin Caraballo (father), appeals from a February 27, 2025, judgment of the Probate and Family Court that adjudicated his contempt complaint in favor of the defendant, Anny Holguin (mother).  The complaint alleged that the mother violated the explicit terms of a stipulated judgment by failing to timely disclose the contact information for the parties' child's medical providers, and by failing to facilitate weekly video communications between the father and the child.  The judge found that the mother was not in contempt, but ordered that the father be given two makeup sessions of video communications with the child.  The father argues that the judge

abused her discretion in declining to hold the mother in contempt. We affirm.

Background. The parties were divorced in 2020, and the mother was granted sole legal custody and primary physical custody of the child. The parties agreed to a stipulation, which entered as a judgment on June 28, 2024, permitting the mother to permanently remove the child from Massachusetts to New York. The stipulated judgment provided, among other things, that: (1) within thirty days of relocation, the mother "shall provide the father with the name, address, and contact information of all schools, doctors, dentists, and therapists where [the child] will be affiliated"; and (2) "[t]he father shall have video communication with the minor child every Saturday at 10 A.M. for at least 30 minutes." The mother and the child moved to New York on July 15, 2024.

On October 29, 2024, the father filed the complaint for contempt, alleging that the mother failed to provide him with contact information for the child's new medical providers within thirty days of the move. The complaint also alleged that on one occasion the mother denied his attempt to communicate with the child, and on another occasion the father was limited to a three-minute call with the child instead of the required thirty minutes. The father subsequently filed motions for additional parenting time.

The contempt complaint was tried on February 26, 2025. After considering evidence including the testimony of both parents, the judge concluded that the father had not met his burden to prove that the mother was in contempt of a court order. Even so, the judge granted the father two additional makeup video communications with the child. The father appeals.

Discussion. 1. Contempt. As the plaintiff in the contempt action, the father bore the burden to prove by clear and convincing evidence that the mother acted in "clear and undoubted disobedience of a clear and unequivocal command" (citation omitted). Birchall, petitioner, 454 Mass. 837, 853 (2009). In determining whether the father met that burden, the judge was required to consider "the totality of the circumstances." Voorhis v. Relle, 97 Mass. App. Ct. 46, 54 (2020), quoting Wooters v. Wooters, 74 Mass. App. Ct. 839, 844 (2009). We review for an abuse of discretion the judge's ruling that the mother was not guilty of contempt. See L.F. v. L.J., 71 Mass. App. Ct. 813, 821 (2008).

As the judge found, the stipulated judgment required that "[t]he mother shall provide the father . . . in writing within 30 days of relocation" "the name, address, and contact information of all schools, doctors, dentists, and therapists where [the child] will be affiliated." The judge credited the mother's testimony that the child's doctor and dentist were

3

still the ones the child had seen in Massachusetts, because the child had not yet seen a doctor or dentist in New York.  The judge found that the father "has not shown that [the child] has any new provider in New York for whom [the m]other should have provided" him with contact information.  Especially given the somewhat ambiguous nature of the order requiring the mother to provide information "within 30 days" of the move for care providers with whom the child "will be affiliated," we discern no abuse of discretion in the judge's finding that the father had not met his burden to prove that the mother had clearly and undoubtedly disobeyed a clear and unequivocal command.  See Birchall, petitioner, 454 Mass. at 852-853.  Contrast Jones v. Jones, 101 Mass. App. Ct. 673, 688 (2022) (wife's failing to tell husband that children applied to and enrolled in private school clearly and undoubtedly disobeyed parties' separation agreement).

As for the father's video communications with the child, the judge found that the stipulated judgment provides that the father "shall have video communication with the minor child every Saturday at 10 A.M. for at least 30 minutes."  However, the judge noted, the stipulated judgment "does not specify who is to initiate the communications nor the mode of communications."  The judge found that in July 2024, the tablet computer that the mother had ordered for the child to use for

4

video visits had not yet arrived, and so the mother offered that the father could call the child on the maternal grandmother's telephone, an alternative that the mother knew might be unacceptable to the father because he and the maternal grandmother had a strained relationship. On another occasion, the father was having trouble reaching the child, and text messages between the parties indicated that the child had disabled the computer tablet by repeatedly inputting the wrong passcode. The mother then offered to have the child call the father on the mother's cell phone. The judge found that because the mother "offered an alternative for the communications to occur," but the father "did not offer another solution for the communications," the father had not proven that the mother clearly and undoubtedly disobeyed the video communication provision of the stipulated judgment.

We discern no abuse of discretion in the judge's conclusion. The lack of abuse of discretion is further shown by the fact that, despite finding the mother not in contempt, the judge provided to the father two additional video communications with the child. See Pare v. Pare, 409 Mass. 292, 298-299 (1991) (noting probate judges possess broad discretion to fashion judgments that protect interests of children). As for the father's argument that the judge should not have credited the mother's testimony, we accord substantial deference to the

5

credibility determinations by "the judge who saw the witnesses and heard the evidence." Pierce v. Pierce, 455 Mass. 286, 293 (2009).

2. Motion for recusal. The father next asserts that the motion judge did not appropriately consider his motion and should have recused herself for a variety of reasons. Just before the contempt trial, the father filed a motion for recusal of the judge, "due to the appearance of partiality and failure to respond to motions within the required time frame." After the judge explained that if she recused herself, the case would be assigned to a different judge on another date, the father withdrew the motion for recusal. The father told the judge, "I prefer that you stay with me" and "I decide to continue with you." Thus, the father withdrew his recusal motion, and we do not consider the issue further.

3. Motions for additional parenting time. The father also argues that his due process rights were violated in various ways. After careful review of the appellate record, we conclude that the judge appropriately protected the father's constitutional rights during the contempt hearing.

In particular, the father argues that the judge was required to allow his motions for additional parenting time. At the contempt hearing, the judge explained that, to obtain that relief, the father needed to file a complaint for modification

in New York, because the child had lived there for more than six months as of that date.[1]  See Guardianship of Minor Children, 97 Mass. App. Ct. 316, 321 (2020) (Massachusetts court had no jurisdiction where children had lived in California for at least six consecutive months before date father's petitions were filed and California was their home State).  The judge was not required to allow motions that she believed should be presented to a court having jurisdiction.  On the record before us, we cannot conclude that she abused her discretion.[2]

Judgment dated February 27, 2025, affirmed.

By the Court (Rubin, Grant & Hodgens, JJ.[3]),

Paul Little

Clerk

Entered:  February 10, 2026.

---

[1] The father argued that he had filed his motions for more parenting time within six months of the child's move to New York.  The father has not argued, in the trial court or in this court, that the judge was required to treat those motions as a complaint for modification.

[2] The father's request for "legal costs" is denied.  Any arguments raised by the father but not mentioned in this decision "have not been overlooked.  We find nothing in them that requires discussion."  Commonwealth v. Sosa, 493 Mass. 104, 124 n.12 (2023), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[3] The panelists are listed in order of seniority.