EDWARD K. SAVIDES *vs.* JOAN L. SAVIDES.

Hampden.   April 7, 1987. — June 11, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Divorce and Separation,* Division of property.

A Probate judge's finding in a divorce proceeding that the parties' marriage
effectively terminated in October, 1974, was warranted by uncontested
facts demonstrating that both parties established separate relationships
and ceased to hold themselves out to the community as husband and
wife after that date. [251-252]

On appeal from that part of a divorce judgment determining the amount of
the marital assets and dividing them under G. L. c. 208, § 34, in which
the former wife contended that the judge had assigned the marital property
solely by reference to the date of the parties' separation in 1974 rather
than as of the time her husband filed his complaint for divorce in 1983,
it was held that the judge's findings were sufficient to establish that he
had considered events after the parties' separation, including their re-
lationship and the husband's greatly increased estate, but that the judge
had concluded that the wife's contribution to the marital property ceased
in 1974; and furthermore, that his determination as to the property
division was within his discretion. [252-253]

COMPLAINT for divorce filed in the Hampden Division of
the Probate and Family Court Department on February 24,
1983.

The case was heard by *Joseph E. Rodgers,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*John F. Wagner* for the defendant.

*Thomas A. Kenefick, III,* for the plaintiff.

LYNCH, J. Joan L. Savides appeals from that part of the
judgment of divorce of November 25, 1985, which determined
the amount of the marital assets and divided them under G. L.
c. 208, § 34. The Probate Court judge ordered that the wife

receive the former marital home (valued at approximately $130,000 as of the date of the divorce), plus $245,000. He also ordered that she receive $250 per week in support payments. We transferred the case to this court on our own motion. We affirm.

The Probate Court judge found the following facts: Edward K. Savides and Joan L. Savides were married in 1956 and thereafter lived together through 1974. In early 1974, both parties began extramarital relationships. In October, 1974, Edward left the marital residence and moved in with his paramour. At the same time Joan's paramour moved in with her. With the exception of a few months when Edward lived with Joan while recuperating from an illness, Joan's paramour lived with her through the date of the hearing in 1985. For all intents and purposes the parties' marriage terminated in October, 1974, at which time both ceased to hold themselves out to the community as a married couple, and there was no further marital relationship after that time.

Between 1974 and 1983, Edward paid all Joan's living expenses and until 1982 provided her with $100 per week for food. He also left a $62,000 savings account with her, and Joan has had exclusive use of the marital home. In addition, Edward gave her money for travel, furnished her with a new motor vehicle, paid her medical expenses, and in general provided for her in a generous manner.

During the course of the marriage, Edward was engaged in automobile sales. He contributed all the finances to the marriage and through his investment skills and diligent work increased the parties' net worth. Joan was a homemaker and mother. Although she did not contribute financially to the estate of the parties, her contributions to the marriage were found equal to Edward's efforts up to October, 1974. After October, 1974, Joan contributed nothing to the acquisition of the assets. However, Edward's business grew substantially after October, 1974; at the time of the divorce his estate was valued at close to $5 million.

1. *Findings*. Joan argues that the Probate Court judge erred in finding the marriage to have effectively terminated in Oc-

tober, 1974. The uncontested facts demonstrate that both parties established separate relationships as described by the judge and ceased to hold themselves out to the community as husband and wife after October, 1974. None of the facts alluded to by the wife, most of which center around the husband's continuing generosity toward her after October, 1974, compels a finding that the marriage continued beyond that date. See Mass. R. Dom. Rel. P. 52 (a).

2. *Abuse of discretion.* The wife also contends that the evidence establishes her right to an equitable division of the marital property as it existed at the time Edward filed his complaint for divorce (1983) rather than as of 1974. Our review of a judgment pursuant to G. L. c. 208, § 34, proceeds under a two-step analysis. "First, we examine the judge's findings to determine whether all relevant factors in § 34 were considered." The second part of our review requires us to determine "whether the reasons for the judge's conclusions are apparent in his findings and rulings." *Bowring* v. *Reid,* 399 Mass. 265, 267 (1987). *Redding* v. *Redding,* 398 Mass. 102, 107 (1986). Here the judge made findings on each of the factors enumerated in the statute as required. *Rice* v. *Rice,* 372 Mass. 398, 402-403 (1977). In addition, a review of the judge's findings makes clear the rationale for the property division. The judge did not, as the wife suggests, assign the marital property solely by reference to the date of the parties' separation. The findings make clear that the judge did consider events after the parties' separation, including their relationship and the husband's greatly increased estate, but concluded that the wife's contribution to marital property ceased in October, 1974.

The equitable factors which are to be considered under § 34 reflect a view of marriage as an implied partnership for the purposes of distribution of property. See Hennessey, Explosion in Family Law Litigation, Challenges and Opportunities for the Bar, 14 Family L.Q. 187, 189 (1980); Inker & Clower, Towards a New Justice in Marital Dissolution: The Massachusetts Statutory Scheme and Due Process Analysis, 16 Suffolk U.L. Rev. 907, 913 (1982); Inker & others, Alimony and Assignment of Property: The New Statutory Scheme in Mass-

achusetts, 10 Suffolk U.L. Rev. 1, 9 (1975) (commenting that in assigning property under G. L. c. 208, § 34, "[i]f contribution is to be considered, failure to contribute must also be acknowledged"). In considering the increase in value of property after separation, it was not error for the judge to exclude the wife's participation in that increase where she made no contribution to the marriage after that time and the increase in value was solely attributable to the husband's efforts. See *Davidson* v. *Davidson,* 19 Mass. App. Ct. 364 (1985). Given the broad discretion conferred by § 34, we cannot conclude that the Probate Court judge's determination as to the property division was " 'plainly wrong and excessive' " as would be required for reversal. *Bowring* v. *Reid, supra* at 267. *Redding* v. *Redding, supra* at 107.

*Judgment affirmed.*