DAWN F. WILLIS *vs.* ROY E. WILLIS. No. 88-P-566. May 24, 1989. *Divorce and Separation*, Division of property.

In assigning property in a proceeding brought under G. L. c. 208, § 34, subsequent to a final divorce judgment — the property rights of the parties had not been adjudicated previously, see *Hay* v. *Cloutier*, 389 Mass. 248, 252 (1983); *Maze* v. *Mihalovich*, 7 Mass. App. Ct. 323, 326 (1979), — a probate judge used the date of the judgment of divorce nisi as the date for valuation of the marital home, rather than the date of his order of division. Finding that the wife had made "no contribution of any kind to the marriage" after her move from the marital home, the judge concluded that the "marital

partnership ended at that time as to all matters relative to property."[1] Believing that *Savides* v. *Savides*, 400 Mass. 250 (1987), requires the use of the earlier date, the judge accorded the property a value of $55,000, although uncontroverted evidence indicated the property was worth $115,000 at the time of his order. He awarded the wife $22,000, a figure which was approximately fifty-seven percent[2] of the net equity of $38,500, after deducting a mortgage of $11,000 and costs of sale.[3]

The wife, in appealing from that portion of the judgment assigning her an amount representing a portion of the equity of the marital home,[4] claims, relying on *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 376-377 (1985), that the marital home should be valued as of the date of the order for division, i.e., at $115,000.

In excluding the wife's participation in the appreciation of value of the marital home, the judge misconstrued the import of the *Savides* case. In *Davidson* v. *Davidson*, 19 Mass. App. Ct. at 376, cited by the Supreme Judicial Court in *Savides* at 253, this court stated that property is to be valued at the time of the order for division so that, as in the case of a division of property at the time of a divorce, the parties equitably share in any appreciation or depreciation in value. We, however, cautioned: "Of course, the principles which apply to after-acquired property may come into play with respect, for example, to improvements to real estate to which an increase in value may fairly be attributed . . . ." *Davidson* at 376-377. It was these principles, applicable to after-acquired property, which were the basis of the *Savides* decision. There, the husband's business had grown substantially after the parties' separation, *id.* at 251, and the Supreme Judicial Court, specifically referring to *Davidson* v. *Davidson*, stated that the wife had "made no contribution to the marriage after that time *and* the increase in value was solely attributable to the husband's efforts" (emphasis supplied). *Savides* at 253.

---

[1] Since the trial on the husband's divorce complaint occurred within a year of the separation, the judge considered the judgment nisi date sufficiently close in time to the wife's move to be an appropriate valuation date.

[2] He found that the wife had contributed to the parties' estate by working with her husband in papering and painting the home and had used an inheritance from her father to pay off the purchase money mortgage of $14,500 and to pay $2,000 to waterproof the basement.

[3] The deduction for costs of sale is curious as it does not appear that the property was to be sold. The judgment also gave the husband two options for the manner of payment.

[4] No error is claimed in this court by either party in the portion of the judgment which provides that the wife is to receive funds from the husband's retirement plan at such times as payments are received by the husband. This was the only other asset involved in the judgment, and the assignment to the wife was based on a fraction determined by dividing the number of years the husband worked for his employer during the marriage (fourteen) by the total number of years contributions are made to his retirement plan. The fraction will apply to 35% of the benefits as are received by the husband.

No evidence was adduced in the present case to suggest that the increase in value of the marital home was a result of the husband's post-divorce efforts. Accordingly, the award to the wife should have been based on the property's value at the time of the order for division.

The wife also urges error in the failure of the judge to award counsel fees. There was no abuse of discretion in his determination that each party should pay his or her own counsel fees. Moreover, the judge's findings that the trial took longer than necessary and that the matter was made unnecessarily complicated by wife's counsel were not clearly erroneous.[5]

The first paragraph of the judgment (awarding the wife a sum representing a portion of the equity of the marital home) is vacated. The matter is remanded to the Probate Court to redetermine the award to the wife relating to the equity of the marital home in a manner consistent with this opinion. The judge may, in his discretion, determine that the property should be sold. The remainder of the judgment is affirmed.

*So ordered.*

*John J. Parrow, Jr.*, Dawn F. Willis.
*Thomas A. Miranda* for Roy E. Willis.

---

[5] The trial had to be continued to allow the appraiser to testify, and it is apparent from the transcript that the wife could have arranged earlier, by motion or otherwise, for the appraiser to have access to the marital home.

