MARGARET R. DAUGHERTY *vs.* JAMES E. DAUGHERTY.

No. 96-P-1656.

Norfolk. May 8, 2000. - January 23, 2001.

Present: JACOBS, PORADA, & GELINAS, JJ.

*Divorce and Separation,* Alimony, Division of property.

At the 1995 trial of a postdivorce complaint for property division and alimony, the judge should have awarded the wife her share, plus the subsequent market appreciation of that share, of the husband's pension and profit sharing fund based on its value in 1985, when the parties separated and the marital partnership effectively ended. [740-742]

In a postdivorce proceeding for alimony, the judge did not abuse his discretion in the amount of the alimony award. [742]

COMPLAINT for alimony and equitable division of property filed in the Norfolk Division of the Probate and Family Court Department on May 23, 1989.

The case was heard by *John P. Cronin,* J.

*Stephen C. Maloney* for James E. Daugherty.

*James A. McLaughlin* for Margaret R. Daugherty.

JACOBS, J. The husband appeals a postdivorce judgment of the Probate and Family Court providing for property division and alimony. We affirm in part and reverse in part.

*Background.* The parties were married in Pennsylvania in 1956, lived in Weymouth, separated in 1985, and were divorced in 1989. Because the divorce, obtained by the husband in Pennsylvania,[1] was silent as to property or spousal support, a

---

[1]The complaint for property division also challenged the Pennsylvania divorce, asking for a declaratory judgment on the parties' marital status. The wife also filed a complaint for divorce. Our record indicates that no action on that complaint was taken other than the anomalous entry of a judgment identical to that entered in the property division case. Although the wife makes a reference in her brief to the divorce decree issued in Pennsylvania, neither party argues the validity of that decree in this appeal. No issue is raised

trial was held in 1995 based on the wife's postdivorce complaint for property division and alimony.[2]

*Division of the husband's pension and profit sharing fund.* The judge ordered an equal division and assignment of the husband's pension and profit sharing fund (fund) based on its value at the time of the trial in 1995. The parties do not dispute an equal division of the fund, but disagree whether its value should be determined and the division made as of the date of their separation, or divorce, or the property division trial.[3] The husband essentially claims that, because the parties separated in 1985 and the wife did not make any contribution to the marital partnership thereafter, the judge should have awarded the wife her one-half share of the fund valued as of the date of separation, plus any appreciation of that half-share to the date of the trial based solely upon interest earned or investment made by the fund. He argues that she should not receive the benefit of contributions made to the fund in his behalf by his employer following the separation.

Although the judge did not make express findings from which we can determine whether he considered all the relevant G. L. c. 208, § 34, factors,[4] the following factual background is taken from his rationale and the uncontroverted evidence at trial. At the time of their separation in 1985, the wife moved to Bermuda. She thereafter provided no money for the upkeep of the marital home or for the support of a son, then a high school junior, who remained with the husband in Weymouth. The wife makes no

concerning the Probate Court's jurisdiction to make the postdivorce property division. (In response to questioning by the panel during oral argument, counsel for the wife suggested that this court need not reach the issue of jurisdiction.) Cf. *Vangel* v. *Martin,* 45 Mass. App. Ct. 76, 78 (1998). Compare *Heron* v. *Heron,* 428 Mass. 537, 540-542 (1998). Consolidated with this appeal is an appeal from an order entered by a judge other than the trial judge vacating the judgment under review. That appeal has been rendered moot by an order of that same judge rescinding his earlier order.

[2]The judgment also ordered the sale and division of the marital home. All related issues have been settled by stipulation of the parties, and neither party raises any argument concerning the home in this appeal.

[3]A stipulation in the record shows the value of the fund was $54,711 in December, 1985; $83,951 in December, 1989; and $147,259 in June, 1995. These dates correspond roughly to the dates of the parties' separation, divorce, and the property division trial.

[4]Not only is there no objection to the lack of such findings, but because the parties agree the pension and profit sharing fund should be divided equally, a remand is not required.

claim or argument that she provided any financial support or care to any of the couple's children after the parties' separation which would constitute further contribution to the marital partnership.[5] The husband continued to be employed after the separation, and contributions to the fund were made by his employer until February, 1992, when he stopped working because of an injury.

In his rationale for deciding that the fund should be divided as of the date of the trial, the judge stated he rejected the husband's reliance on *Savides* v. *Savides*, 400 Mass. 250, 251-252 (1987), and instead applied *Pare* v. *Pare*, 409 Mass. 292, 296 n.4 (1991). In *Savides*, "it was not error for the judge to exclude the wife's participation in [the increase in value of marital property] where she made no contribution to the marriage after [the time of the parties' separation] and the increase in value was solely attributable to the husband's efforts." 400 Mass. at 253. In *Pare*, "[t]he judge applied the § 34 factors as of the date of the divorce, but valued the divisible property as of the date of the order of division. This is the correct procedure where property division takes place in a separate proceeding after the divorce is final, and any post-divorce appreciation (or depreciation) in the value of the divisible property is not fairly attributable to one spouse alone." 409 Mass. at 296 n.4. By citing these cases, the judge correctly identified the issues relating to the fund, but based on the uncontroverted evidence, incorrectly decided the date on which it should be divided.

"The underpinning of any order for division of property under § 34 is . . . the judge's consideration of the contributions, in the statutory terms, of each spouse, as well as other factors in existence at the dissolution of the partnership which have been traditionally applied in determining alimony." *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 376 (1985). We also stated in *Davidson* that "[w]e intend no suggestion of a rule fixing any of [the dates when marital property is identified], or excluding some earlier time in appropriate circumstances, e.g., the date of the separation of the parties, as determinative in

---

[5] A child of the wife of one of the parties' sons, who had been living with the parties for two or three years before the separation, moved to Bermuda with the wife, living there with her for several more years. No contention is made that the care or support of this child was a marital obligation, or was related to a continuation of the marital partnership, or should be considered in the property division.

identifying divisible property. We think the development of the law in this respect is best left to a case-by-case analysis." *Id.* at 370 n.9. See generally Kindregan & Inker, Family Law and Practice § 45.3 (2d ed. 1996). Here, we conclude that the date of the parties' separation is the proper time for identifying the marital property to be divided because the uncontroverted evidence at the trial indicates that the marital partnership effectively ended at that time. Consequently, the judge's equal division of the fund in 1995 awards the wife a share of the value of the fund which was attributable to the employer's contributions to the fund, which in turn was based solely on the husband's continued employment after the date of separation.[6] The corresponding increase in the value of the fund should not have been considered for division because it represents an after-acquired asset of the husband which is not subject to division. "To hold that property interests *acquired* after the dissolution of the marriage are subject to division under § 34 would be contrary to the marital partnership concept on which § 34 is founded" (emphasis supplied). *Davidson* v. *Davidson, supra* at 370. See *Kuban* v. *Kuban,* 48 Mass. App. Ct. 387, 389 (1999), and cases cited. Compare *Willis* v. *Willis,* 27 Mass. App. Ct. 1144, 1145-1146 (1989) (error to exclude wife from sharing in the increase in value of marital home in postdivorce property division, because there was no evidence the increase was result of husband's postdivorce efforts); *Wheeler* v. *Wheeler,* 41 Mass. App. Ct. 743, 746 (1996) (the parties should share equitably in any change in value of assets after separation where the wife substantially contributed to the marital partnership after that time). See generally Kindregan & Inker, Family Law and Practice § 42.4 (2d ed. 1996).

In *Kuban* v. *Kuban, supra* at 389, which presented circumstances similar to the present case, we affirmed the exclusion from the division of assets of an employer's contributions to, and related appreciation in value of, the husband's pension fund, which the judge determined were made after the "effective date of the dissolution of the marriage." Accordingly, we conclude that the pension and profit sharing fund in this case is to be divided as of the date of the parties' separation in 1985. The stipulated value of the fund nearest that time is $54,711.

---

[6]There is evidence that the pension and profit sharing plan was terminated after the husband stopped working and that the fund was placed in a money market account.

Any market increase in the fund from the date of separation of the parties until September 26, 1995, the date of the judge's order, is to be added to the wife's one-half share of $27,355.50 and incorporated in a qualified domestic relations order. See *Kuban* v. *Kuban, supra* at 389-390.

*Alimony.* The husband asserts the judge improperly based his award of alimony on the husband's "surplus" income rather than the wife's need. Need is only one of the many factors to be taken into account in a c. 208, § 34, analysis. *Gottsegen* v. *Gottsegen*, 397 Mass. 617, 623 (1986). The judge's rationale indicates he considered other essential factors, such as the wife's employment at a laundry fifty-four hours per week at six dollars per hour, from which it may be inferred that she has little opportunity for future acquisition of assets and income. In the circumstances, we cannot say the judge abused his discretion.

The judgment of the Probate and Family Court dated September 26, 1995, is to be amended by ordering the division of the pension fund equally as of the date of the parties' separation in 1985, and adding to the wife's share of the fund at that time the amount of market value increase from that date to the date of the judgment. As amended, the judgment is affirmed.

*So ordered.*