NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-219

WESLEY A. NAGY

vs.

META ELIZABETH NAGY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Wesley Nagy (husband) appeals from a divorce judgment dated August 12, 2022, as amended by order dated December 8, 2022. The husband raises two primary issues on appeal.  First, he contends that the judge erred in selecting the date of the parties' separation in 2017 as the valuation date for the real estate that was part of the marital estate.  Second, he argues that the judge's allocation of the real estate was an abuse of discretion because it left him without a place from which to work.  Because we conclude that Savides v. Savides, 400 Mass. 250 (1987), does not justify the approach the judge took here with respect to the date of valuation of the real estate, we vacate the portion of the judgment, as amended, related to the date of valuation of the real estate and remand for further proceedings and findings.

We summarize only the facts pertinent to this appeal, noting that the judge made extensive additional detailed findings after a trial held on seven separate days between May 2021 and February 23, 2022, concerning the division of marital assets and alimony. The parties were married on September 8, 1990 and, over the course of their twenty-six year, seven month marriage, purchased and improved several properties. At various times, the properties were used to generate income either directly through rental income or indirectly to the extent they were used in connection with the parties' respective business activities. The parties last lived together on March 18, 2017, and the husband filed a complaint for divorce a few weeks later, on April 7, 2017. The judge found that the marriage "effectively ended" when the parties separated and that, since the date of their separation, the parties have been economically independent with little or no contribution to each other's expenses.

At the crux of this appeal is the division and valuation of four pieces of real estate jointly owned by the parties on Martha's Vineyard. The parties agree that the fair market value of the properties increased significantly between the date of separation and the date of trial as follows:

| Property | FMV 3/2017-10/2017 | FMV 2/9/2021 | Difference |
|---|---|---|---|
| 25 Averill | $610,000 | $835,000 | $225,000 |
| 34 Averill | $795,000 | $950,000 | $155,000 |
| 24 Cournoyer | $1,275,000 | $1,440,000 | $165,000 |
| 50 Old Lighthouse | $510,000 | $650,000 | $140,000 |
| Total | | | $685,000 |

They disagreed, however, whether the increase was due (in whole or part) to the wife's postseparation maintenance and improvements to the properties, in any part to the husband's postseparation improvements, or (in whole or part) to market forces unrelated to either parties' efforts. The judge did not sort these questions out because, relying on Savides v. Savides, 400 Mass. 250 (1987), the judge selected 2017, the year of separation,

> "as the date as of which to divide the real estate because [the h]usband did not contribute financially to the marriage after this date. Beyond that, as explained above, [the w]ife was responsible for all costs and expenses associated with the properties, while [the h]usband was able to live in multiple of the properties, free of any obligation to pay rent and utilities."

"The determination of the appropriate valuation date [for the division of marital assets] is left to the discretion of the trial judge. Except where 'warranted by the circumstances of a particular case,' however, the valuation date typically is the date of trial" (citations omitted). Connor v. Benedict, 481 Mass. 567, 576 (2019), quoting Moriarty v. Stone, 41 Mass. App. Ct. 151, 154 (1996). The date of separation may be used as the

3

date of valuation if the increase in the value of the property "was solely attributable to" one spouse's efforts and the other spouse made no contribution to the marriage after that time. Savides, 400 Mass. at 253. In Savides, the issue was the division of the husband's automobile business, which had grown substantially in value after the date of separation due solely to the husband's efforts and after the wife had stopped contributing to the marriage. Id. at 251-252. We note that, unlike the business asset involved in Savides, the real estate at issue in this case was jointly acquired during the marriage through the parties' shared efforts and financial contributions.

Here, although the judge found that the husband did not contribute financially to the marriage after the date of separation and that the wife bore the costs of maintaining and improving the real estate after the separation (findings that have not been shown to be clearly erroneous, see Mass. R. Dom. Rel. P. 52 [a]), the judge did not find that the $685,000 increase in the fair market value of the real estate was due solely to the wife's postseparation maintenance and improvement of them. See Johnson v. Johnson, 53 Mass. App. Ct. 416, 422 (2001) (any appreciation in value of real estate that is due solely to the efforts of one spouse is not divisible). To the contrary, there was evidence that market forces may have also played a role in the increase. In the circumstances, the judge

4

was required to assess whether the postseparation increase in the fair market value was attributable <u>solely</u> to the wife's postseparation efforts, or whether it was due in part to market forces and, if so, to what degree. See <u>Obara</u> v. <u>Ghoreishi</u>, 103 Mass. App. Ct. 549, 552-556 (2023) (appreciation attributable to efforts of both spouses and to market conditions should be divided between parties); <u>Willis</u> v. <u>Willis</u>, 27 Mass. App. Ct. 1144, 1145-1146 (1989) (marital home should have been valued at time of order of division and not at earlier time where no evidence appreciation was attributable solely to husband's efforts). A remand is thus required for further findings on these points.

The husband also argues that the judge abused her discretion in awarding three of the four pieces of real estate to the wife, in part so that she could continue to operate her medical practice, while awarding only one to the husband. The husband acknowledges that the judge ordered an equalizing payment from the wife to the husband to account for the difference in value between the properties awarded to the wife and those awarded to the husband. Nonetheless, the husband argues that the judge abused her discretion because the property he was awarded was insufficient to accommodate the storage of tools and equipment necessary for his contracting business. He

argues that the judge favored the wife's ability to continue her medical practice over his ability to continue his work.

The husband has not argued, let alone shown, that the judge's findings concerning his health, employment, and employability were clearly erroneous. In pertinent part, the judge found that the husband was sixty-six years old by the end of the trial, that he had multiple medical issues during the marriage that had significantly affected his physical health and his ability to engage in construction work, and that he was employed at the time of trial as a musician rather than in construction. In addition, the judge found that the husband (like the wife) faced future limitations in employment due to age and health, but that he would be able to continue to earn income as a musician. There was no evidence that the husband's work as a musician would be impeded or impaired by awarding him only one of the pieces of real estate. And, although the husband argues that the judge should not have discounted the possibility that he might return to work in construction, he does not cite any evidence to take that assertion beyond the realm of speculation. On the other hand, the judge found that some of the properties were essential for the wife's medical practice and serious environmental sensitivities. In addition, the judge considered that 50 Old Lighthouse (the property awarded to the husband) was capable of generating rental income

6

should the husband wish to use it for that purpose.  On the facts as she found them, the judge did not abuse her discretion in awarding the husband only the property located at 50 Old Lighthouse while awarding the other three to the wife.  See G. L. c. 208, § 34 (factors to be considered in division of assets).  We note, however, that the equalizing payment the judge ordered in consideration of the fact that the husband was to receive only one of the four properties may be affected after the judge, on remand, determines whether the wife's postseparation efforts are the sole cause of the increase in fair market value of the real estate.

So much of the divorce judgment, as amended, that established 2017 as the year of valuation is vacated.  The matter is remanded on the limited issue of whether and, if so, to what degree, the increase in fair market value of the real estate between the date of separation and the date of trial is due solely to the wife's postseparation efforts.  If, on remand, the judge determines that all or some of the increase is attributable to market forces, then the judge should consider the relationship between the amount of increase due to the market and that due solely to the wife's efforts.  If some portion of the increase is due to the market, then the judge should consider whether, and to what degree, to award the

7

husband a portion of the market-based increase.[1]  The judgment is in all other respects affirmed.[2]

So ordered.

By the Court (Wolohojian, Neyman & Shin, JJ.[3]),

Assistant Clerk

Entered:  January 29, 2024.

---

[1] In her discretion, the judge may take additional evidence.
[2] The wife's request for attorney's fees in connection with this appeal is denied.
[3] The panelists are listed in order of seniority.

8