NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1352

DEEPAK JOGLEKAR

vs.

NEETA KUMARI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After approximately twelve years of marriage, Deepak Joglekar (husband), filed a complaint for divorce from Neeta Kumari (wife).  Following a three-day trial, a judge of the Probate and Family Court issued a judgment of divorce nisi (divorce judgment) and findings of fact in August 2023.  The wife appealed, challenging portions of the divorce judgment related to the division of the marital estate, physical custody of the parties' two children, and child support.[1]  We affirm.

---

[1] The wife filed this appeal before the trial judge sua sponte entered an amended divorce judgment in March 2024 to correct an error concerning tax exemptions for the dependent children.  The wife filed a motion for new trial following entry of the amended judgment, and separately appealed its denial, but the two appeals were not consolidated, thus the order denying the motion for new trial is not before us.  Although the wife

1. _Property division_.  "Our review of a judgment pursuant to the equitable distribution statute, G. L. c. 208, § 34, proceeds under a two-step analysis."  Adams v. Adams, 459 Mass. 361, 371 (2011).  "First, [w]e review the judge's findings to determine whether [she] considered all the relevant factors under [G. L. c. 208, § 34,] and no irrelevant factors" (quotation and citation omitted).  Connor v. Benedict, 481 Mass. 567, 578 (2019).  "Second, if the judge has done so, we will not reverse a judgment unless it is 'plainly wrong and excessive'" (citation omitted).  Id.  A judge's "broad discretion" in dividing property allows flexibility to respond to the "different fact situations which surround divorces and arrive at a fair financial settlement in each case."  Adams, supra, quoting Rice v. Rice, 372 Mass. 398, 401 (1977).

The judge made detailed findings reflecting thoughtful consideration of all relevant factors under G. L. c. 208, § 34. The judge considered the parties' occupations, employability, and sources of income; their respective liabilities and needs; and the present and future needs of their dependent children.

did not file an appeal of the amended judgment itself, we are exercising our discretion and reviewing the divorce judgment entered August 2023, as amended in March 2024.  See generally, Roch v. Mollica, 481 Mass. 164, 165 n.2 (2019).

2

The judge also addressed the parties' economic and domestic contributions to the family unit.

The wife maintains that the judge erred by (1) valuing the marital home at the price stipulated by the parties on the first day of trial; (2) awarding the marital home to the husband; (3) excluding from the asset allocation loans from the wife's family; and (4) ruling that "the parties shall retain any and all personal property currently in their possession."  We address these arguments in turn.

a.  Value of the marital home.  The wife did not challenge the value of the marital home at trial.  Indeed, the wife stipulated before the August 2022 trial to the valuation used by the judge.[2]  This is conclusive.  Issues "not raised or argued below may not be argued for the first time on appeal" (citation omitted).  Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

Even were we to consider this argument, it would not change the outcome.  "The determination of the appropriate valuation date is left to the discretion of the trial judge."  Connor, 481 Mass. at 576.  "[T]he valuation date typically is the date of trial" unless "warranted by the circumstances of a particular

_____

[2] The agreed property value was greater than the assessed fair market value at the time, and was the result of pretrial negotiations in which both parties made financial concessions.

3

case" (citation omitted).  Id.  Compare Savides v. Savides, 400 Mass. 250, 252-253 (1987) (no abuse of discretion to value assets as of date of separation, several years before divorce, where wife did not contribute to marital estate after that date); Obara v. Ghoreishi, 103 Mass. App. Ct. 549, 553-554 (2023) (error to ignore credible evidence of postdivorce increase in property value when there was seven-year delay between divorce and property division).  There was no error in using the parties' stipulated value for the home.

b.  Award of home to the husband.  When she awarded the marital home to the husband, the judge credited the wife for a $122,000 loan advanced by her family for the downpayment.  The judge found that both parties maximized their financial contributions to the marital estate, and the husband had been solely responsible for the mortgage and home expenses since July 2019.  She also considered "the present and future needs of the dependent children of the marriage," G. L. c. 208, § 34, including the fact that the children lived in the marital home in the primary care of the husband.  As evidenced by the guardian ad litem's (GAL) report, the children had benefited from the "stable environment" provided by the husband; awarding him the marital home was consistent with the custody decision. See Zatsky v. Zatsky, 36 Mass. App. Ct. 7, 14 (1994)

("pragmatic" to award marital home to custodial parent); contrast Charrier v. Charrier, 416 Mass. 105, 111 (1993) (failure to consider present and future needs of dependent children).

c. The wife's family loans. We also discern no error in the judge's detailed findings regarding allocation of the wife's claimed liabilities. "In dividing the marital estate, exact '[m]athematical precision is not required.'" Openshaw v. Openshaw, 493 Mass. 599, 614 (2024), quoting Ross v. Ross, 50 Mass. App. Ct. 77, 81 (2000). The findings demonstrate that the judge carefully considered the payments from the wife's family and, after doing so, concluded that -- other than the $122,000 loaned for the home -- they were not loans that the wife had an obligation to repay. "[T]he reasons for [the judge's] conclusions are 'apparent and flow rationally' from [her] findings and rulings." Baccanti v. Morton, 434 Mass. 787, 790 (2001), quoting Williams v. Massa, 431 Mass. 619, 631 (2000).

d. Division of personal property. With respect to the division of the remainder of the property, the judge thoughtfully outlined the parties' assets, including their personal property. The judge considered and rejected the wife's valuation of furnishings and furniture, and, having considered the wife's financial needs, her contributions to the marital

5

estate, and her income, reasonably concluded that the wife was entitled to $242,186 from the equity in the marital home, more than half of the equity value in the property.[3]  "We cannot say that, having considered the appropriate factors, the judge was 'plainly wrong and excessive' in [her] distribution of the parties' assets."  Connor, 481 Mass. at 579.

2.  Custody.  We review custody determinations for an abuse of discretion.  Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015).  "In custody matters, the touchstone inquiry [is] . . . what is 'best for the child.'"  Hunter v. Rose, 463 Mass. 488, 494 (2012), quoting Custody of Kali, 439 Mass. 834, 840 (2003).  See G. L. c. 208, § 28.  "The determination of which parent will promote a child's best interests rests within the discretion of the judge . . . [whose] findings . . . 'must stand unless they are plainly wrong.'"  Hunter, supra, quoting Custody of Kali, supra at 845.

Here, the GAL reported, and the judge credited, that there was an "issue of control" in the family; the husband undermined the wife, the wife provoked the husband into drawn-out debates that delayed parental decision making, and the "parties'

---

[3] The judge found that, after the payment to the wife of $122,000, half of the remaining home equity would be $114,581. The sum of half of the remaining equity and the wife's $122,000 familial loan was $236,581, and the wife was awarded $5,605 more.

antipathy for each other is pervasive." The parents' conflict affected the two children, upsetting their relationship with each other and causing a rift between one of them and the wife. The children engaged in family therapy with the wife, but scheduling therapy contributed to conflict between the parties. The GAL was concerned that the children complained to the husband about the wife, but did not raise issues regarding the wife in therapy, implying that the children were close to, and trust, the husband.

Before trial, the wife had parenting time with the children every other weekend, and one or two evenings per week, depending on the weekend schedule. After trial, the judge awarded the wife a weekly overnight stay on Thursdays. One child was to spend the first, third, and fifth weekends of any month with the wife. The other child was to spend the third weekend of any month with the wife and, at her option, could join the other child on the first and fifth weekends. Except for time allocated for holidays and vacations, the children live with the husband at all other times.

On appeal, the wife contends that it was error to award the husband primary physical custody of the children and reduce her parenting time. She primarily takes issue with the judge's weighing of the evidence, including by contrasting her improved

7

relationship with the children with findings about the husband's response to one child's eating disorder and his inflexibility about parenting time and family therapy.

The judge found, among other things, that (1) most recently the husband had been the children's primary caretaker and had consistently provided a stable environment where the children can succeed; (2) one of the children was more emotionally conflicted, had disagreements with her mother, and had issues of control within the co-parenting conflict; (3) that child's eating disorder was not the product of either parent's specific actions, contrary to their accusations of the other; and (4) the husband exhibited parenting skills that were more aligned with the children's developmental needs, and it was in the children's best interests for the husband to remain the children's primary caregiver.

These findings form an appropriate basis for the judge's grant of primary physical custody to the husband and for the adjustment in parenting time with the wife.  See Charara v. Yatim, 78 Mass. App. Ct. 325, 334-335 (2010), quoting Custody of Kali, 439 Mass. at 842 ("it is in [the] best interests of [the] child to preserve [the] 'current placement with a parent, if it is a satisfactory one'; 'stability and continuity with the

8

child's primary caregiver is itself an important factor in a child's successful upbringing'").

3. <u>Child support</u>. The wife claims the judge erred by failing to retroactively adjust her child support obligation for the period of her unemployment.[4] "[T]here is no statutory mandate that modification of support orders be given retroactive effect; the decision whether to give retroactive effect to such orders rests in the sound discretion of the judge." <u>Boulter-Hedley</u> v. <u>Boulter</u>, 429 Mass. 808, 809 (1999).

While the amount of child support was an issue at trial, the issue arose because the husband requested retroactive child support. The wife did not request retroactive child support at trial, nor did she make such a request in her proposed judgment following trial. This issue, not having been raised, is waived. See <u>Carey</u>, 446 Mass. at 285. Furthermore, the judge properly considered the wife's current income, her employment changes through the pendency of the case, and her family's financial

---

[4] The wife also maintains that the judge erred by failing to attribute income to the husband based on the testimony of the wife's vocational expert. We disagree. "The judge was not required to accept the opinion of the expert[], and was entitled to credit all, part, or none of their testimony." <u>Vedensky</u> v. <u>Vedensky</u>, 86 Mass. App. Ct. 768, 774 (2014).

9

support, and reasonably did not award retroactive child support to either parent.  There was no error.[5]

Judgment dated August 24, 2023, as amended on March 5, 2024, affirmed.

By the Court (Vuono, Hershfang & Tan, JJ.[6]),

Clerk

Entered:  April 18, 2025.

---

[5] The husband's request for appellate attorney's fees and costs is denied.

[6] The panelists are listed in order of seniority.